UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JEVON D. OLLINS,

    Plaintiff,

    v.                          CAUSE NO. 3:21-CV-158-RLM-MGG

SHAWNA MORSON, et al.,

    Defendants.

OPINION AND ORDER

Jevon D. Ollins, a prisoner without a lawyer, was ordered to show cause why he hasn't paid the initial partial filing fee assessed by the court. (ECF 10.) Upon review of his response (ECF 12), the order to show cause is discharged, and the court will proceed to screen the amended complaint. Mr. Ollins will nevertheless be required to pay the filing fee in installments over time pursuant to 28 U.S.C. § 1915(b)(2).

The court must screen the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Because Mr. Ollins

is proceeding without counsel, the court must give the complaint liberal construction. Erickson v. Pardus, 551 U.S. 89, 94 (2007).

Mr. Ollins alleges that he contracted COVID-19 while he was confined in the segregation unit at Miami Correctional Facility in November 2020,.[1] He suffered breathing problems, headaches, chest pains, and diarrhea. He jas some lingering breathing problems as a result of the virus. He sues two defendants: Dr. Noe Marandet, a physician at MCF who ordered that he be tested for COVID-19; and Shawna Morrison, MCF's grievance specialist, who allegedly mishandled his grievance complaining that some prison staff weren't wearing proper personal protective equipment in his unit.

Under the Eighth Amendment, inmates are entitled to adequate medical care. Thomas v. Blackard, 2 F.4th 716, 722 (7th Cir. 2021). They are "not entitled to demand specific care," Walker v. Wexford Health Sources, Inc., 940 F.3d 954, 965 (7th Cir. 2019), nor to "the best care possible." Forbes v. Edgar, 112 F.3d 262, 267 (7th Cir. 1997). Rather, they are entitled to "reasonable measures to meet a substantial risk of serious harm." Forbes v. Edgar, 112 F.3d at 267. Mere disagreement with a medical professional about the appropriate course of treatment doesn't establish an Eighth Amendment violation. Ciarpaglini v. Saini, 352 F.3d 328, 331 (7th Cir. 2003). The court must "defer to medical professionals' treatment decisions unless there is evidence that no minimally competent professional would have so responded under

---

[1] The complaint reflects that Mr. Ollins has since been transferred to Indiana State Prison.

those circumstances." Walker v. Wexford Health, 940 F.3d at 965 (citation and quotation marks omitted). "[N]egligence, gross negligence, or even recklessness as the term is used in tort cases is not enough" to establish an Eighth Amendment violation. Hildreth v. Butler, 960 F.3d 420, 425–426 (7th Cir. 2020). To prevail, the inmate must show deliberate indifference, "a culpability standard akin to criminal recklessness." Thomas v. Blackard, 2 F.4th at 722.

Mr. Ollins appears to be trying to assert an Eighth Amendment claim against Dr. Marandet, but his only alleged involvement in these events was to order that Mr. Ollins be tested for COVID-19.[2] The test turned out to be positive. The complaint doesn't allege that Mr. Ollins didn't receive constitutionally adequate medical care once it was determined that he had the virus. There is no plausible basis in the complaint to infer that Dr. Marandat was deliberately indifferent to Mr. Ollins's medical needs.

Mr. Ollins alleges that Ms. Morson didn't properly address his grievance about correctional guards in his unit not following personal protective equipment policies.[3] The Constitution doesn't require that prisons provide a grievance procedure at all, and the existence of an internal complaint procedure doesn't create any constitutionally guaranteed rights. Daniel v. Cook Cty., 833 F.3d 728, 736 (7th Cir.

---

[2] The narrative section of the complaint contains no mention of Dr. Marandet, but, an attachment to the complaint mentions that he ordered the COVID-19 test for Mr. Ollins. (ECF 4-1 at 1.)

[3] Attachments to the complaint reflect that Mr. Ollins's grievance was returned to him on the ground that it appeared to have been submitted on behalf of a group and otherwise did not comply with prison procedural rules. (ECF 4-1 at 5-6.)

3

2016). There is no plausible basis to infer that the grievance specialist caused the situation with the personal protective equipment or stood in the way of a responsible staff member resolving the issue. "The most one can say is that she did nothing, when she might have gone beyond the requirements of her job and tried to help him." Burks v. Raemisch, 555 F.3d 592, 596 (7th Cir. 2009). Liability under 42 U.S.C. § 1983 is based on personal responsibility, and Ms. Morson cannot be held liable for the actions of other prison staff who didn't follow personal protective equipment policies. Mitchell v. Kallas, 895 F.3d 492, 498 (7th Cir. 2018); Burks v. Raemisch, 555 F.3d at 596. Mr. Ollins is understandably upset about having contracted COVID-19, but he hasn't stated a plausible claim against Ms. Morson under section 1983.

"The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." Abu-Shawish v. United States, 898 F.3d 726, 738 (7th Cir. 2018). In the interest of justice, the court will allow Mr. Ollins to amend his complaint if after reviewing this order, he believes he can state a plausible claim for relief, consistent with the allegations he has already made under penalty of perjury.

For these reasons, the court:

(1) DISCHARGES the show cause order;

(2) GRANTS the plaintiff until **September 24, 2021**, to file an amended complaint if he so chooses; and

4

(3) CAUTIONS him that if he does not respond by that deadline, this case will be dismissed pursuant to 28 U.S.C. § 1915A, because the current complaint does not state a claim upon which relief can be granted.

SO ORDERED on August 23, 2021

s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT
